IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

DMYTRO KULYK,

Petitioner,

vs.

KRISTI NOEM, Secretary of Homeland Security; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; PETER BERG, Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; SAMUEL J. OLSON, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, U.S. Immigration and Customs Enforcement; ERIC TOLLEFSON, Sheriff of Kandiyohi County Jail, Minnesota, in their official capacities,

Respondents.[1]

Case No. 0:26-cv-00556-SHL-SGE

**ORDER DENYING PETITIONER'S MOTION TO RECONSIDER AND MOTION TO AMEND**

Petitioner Dmytro Kulyk is a citizen of Ukraine who, until very recently, had been released on parole in the United States for more than two years pursuant to a special humanitarian program for citizens of Ukraine. Immigration officials have not, however, ruled on his renewal request, so his parole expired. On January 1, 2026, officers with U.S. Immigration and Customs Enforcement ("ICE") arrested him. In an earlier ruling, the Court reluctantly concluded that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and therefore denied his Petition for Writ of Habeas Corpus. (ECF 7.)

Petitioner moves to reconsider, arguing (among other things) that the Court erred because he is not "seeking admission" for purposes of § 1225(b)(2). (ECF 9.) He also seeks to raise new arguments under the due process clause and Administrative Procedure Act ("APA") that were not at issue in the Court's earlier ruling. (Id.) The Court—again, with reluctance—must deny his Motion to Reconsider and Motion to Amend.

[1] Markwayne Mullin is automatically substituted in as the Secretary of Homeland Security. The Clerk of Court is directed to replace Kristi Noem on the docket.

The Court does so largely because of a recent Eighth Circuit decision, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), that adopted Respondents' interpretation of § 1225(b)(2). The Court remains convinced that § 1225(b)(2) should not be interpreted as mutually exclusive from 8 U.S.C. § 1226(a), which entitles aliens in most circumstances to bond hearings when removal proceedings are commenced against them. (*See generally* ECF 7, pp. 5–9.) The Court cannot, however, ignore binding precedent from the Supreme Court and Eighth Circuit. Accordingly, to the extent Petitioner's arguments rest on the proper interpretation of § 1225(b)(2), they remain unavailing.

Petitioner's due process arguments are also unavailing. If his parole had not yet expired and there was no evidence that he violated the governing terms, the Court almost certainly would conclude that it would violate his due process rights for Respondents to arrest him anyway. Here, however, Petitioner's parole *had* expired at the time he was arrested, and the governing statutes and regulations made clear that he could be detained once that happened. Accordingly, he does not have a meritorious due process claim. *See Demore v. Kim*, 538 U.S. 510, 538 (2003) ("Detention during removal proceedings is a constitutionally permissible part of th[e] process."); *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024) (applying *Denmore*'s "bright-line rule" that "the government can detain an alien for as long as deportation proceedings are still 'pending'"); *Romero v. Brown*, No. 1:26-CV-00007-SMR-SBJ, 2026 WL 1021455, at *4 (S.D. Iowa Apr. 15, 2026) ("Although Sections 1225(b) and 1226(c) [the provision at issue in *Demore* and *Banyee*] require detention under different circumstances, the core issue—mandatory detention during removal proceedings—is the same."). For similar reasons, it does not violate the APA for Respondents to take Petitioner into custody after expiration of his parole.

None of this is meant to defend Respondents' actions. It is difficult to understand what legitimate purpose is served by delaying a decision on Petitioner's application to extend his parole in a situation where he has been a productive and law-abiding member of his community during his time in the United States. It is even harder to understand why it makes sense to spend taxpayer money holding him in custody during the pendency of his removal proceeding. But these are the kinds of decisions the Executive Branch is entitled to make.

For these reasons, the Court DENIES Petitioner's Motion for Reconsideration and DENIES as futile his Motion to Amend.

**IT IS SO ORDERED.**

Dated: April 21, 2026

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE